JOHN W. BERRY (Cal Bar No. 295760)
Email: berryj@sec.gov
ROBERTO A. TERCERO (Cal. Bar No. 143760)
Email: terceror@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy Jane Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Applicant,<br><br>      vs.<br><br>CHERUBIM INTERESTS, INC., PDX PARTNERS, INC., VICTURA CONSTRUCTION GROUP, INC. and PATRICK JEVON JOHNSON ,<br><br>            Respondents. | Case No. 2:18-mc-00175<br><br>**SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF RELATED CASES**<br><br>Local Rule 83-1.3.1 |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Local Rule 83-1.3.1, the Securities and Exchange Commission ("SEC") hereby gives notice that this matter is related to *SEC v. Saint James Holding and Investment Company Trust, et al.*, Case No. 2:18-mc-00135-SJO (ASx) ("Saint James matter") and *SEC v. NVC Fund LLC, et al.*, Case No. 2:18-mc-00164-SJO-(ASx) ("NVC Fund matter"). All three cases call for a determination of the same or substantially identical questions of law and fact, and are likely to entail substantial duplication of labor for the judges assigned each respective case. Copies of the original Applications for an Order to Show Cause in the Saint James and NVC Fund matters are attached hereto respectively as Exhibits 1 and 2 for the Court's convenience. A copy of the Application for an Order to Show Cause in *SEC v. Cherubim Interests, Inc., et al.*, Case No. 2:18-mc-00175 is attached hereto as Exhibit 3.

Like the instant case, the Saint James and NVC Fund matters are subpoena enforcement actions against individuals and entities (collectively "Respondents"), which arise from the Respondents' failure to comply with investigative subpoenas issued by the SEC in an investigation titled *In the Matter of Cherubim Interests, Inc. and Certain Other Microcap Issuers* (SEC File No. LA-4898). All three matters concern the same potentially fraudulent "pump-and-dump" stock scheme. Judge Otero has issued an Order to Show Cause and an Order Compelling Compliance with Investigative Subpoenas in the Saint James matter and is familiar with the law and procedural history. Litigating these three matters separately will create a substantial duplication of labor if they are heard by different judges. Accordingly, these are related cases for the purposes of Local rule 83-1.3.1.

Dated:  December 21, 2018            Respectfully submitted,

/s/ *Roberto A. Tercero*
John W. Berry
Robert A. Tercero

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorney for Plaintiff*
*Securities and Exchange Commission*

# EXHIBIT 1

JOHN W. BERRY (Cal Bar No. 295760)
Email: berryj@sec.gov
MANUEL VAZQUEZ (Cal. Bar No. 295576)
Email: vazquezm@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy Jane Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Applicant,<br><br>      vs.<br><br>SAINT JAMES HOLDING AND INVESTMENT COMPANY TRUST and JEFFRE JAMES aka ELDER JEFFRE SAINT JAMES,<br><br>            Respondents. | Case No. 2:18-mc-00135<br><br>**SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH INVESTIGATIVE SUBPOENAS** |

Exhibit 1
Page 3

# I.  INTRODUCTION

1.  The Securities and Exchange Commission ("SEC") hereby applies to this Court for an Order to Show Cause why an order should not issue requiring Respondents Jeffre James and Saint James Holding and Investment Company Trust to comply with two investigative subpoenas issued on June 21, 2018 and properly served on them by the SEC.

2.  This Application is based on the accompanying Declaration of Manuel Vazquez and its attached exhibits concerning relevant factual matters to this proceeding, the Memorandum of Points and Authorities filed in support of this Application, the Proposed Order to Show Cause, and the Proposed Order Compelling Compliance, each of which is filed concurrently, such matters of which judicial notice may be taken, and any other written or oral evidence as may be offered at a hearing on the Application.

# II.  JURISDICTION AND VENUE

3.  Jurisdiction is conferred upon this Court by Section 22(b) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77v(b), and Section 21(c) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(c).

4.  Venue is proper in the Central District of California because the SEC's investigation is being carried out by the SEC's Los Angeles Regional Office, which is located within this Court's judicial district.  *See* 15 U.S.C. § 78u(c).

# III.  RESPONDENTS

5.  **Saint James Holding and Investment Company Trust** ("St. James Trust") is a Delaware statutory trust and its principal place of business during the relevant time period was 9618 Jefferson Hwy, Suite 217, Baton Rouge, Louisiana 70809.

6.  **Jeffre James** resides in Baton Rouge, Louisiana.  James is the sole trustee for co-Respondent St. James Trust.

Exhibit 1
Page 4

## IV.   THE SEC'S INVESTIGATION

7.     On March 16, 2018, the SEC issued an Order Directing Private Investigation and Designating Officers to Take Testimony in an investigation titled *In the Matter of Cherubim Interests, Inc. and Certain Other Microcap Issuers* (SEC File No. LA-4898) ("Formal Order").

8.     Among other things, the Formal Order empowers the SEC staff to investigate whether certain individuals and entities violated the antifraud and registration provisions of the federal securities laws in connection with numerous penny-stock companies.  The order identifies the names of these companies, including Cherubim Interest, Inc., ("Cherubim"), whose name is in the order's caption.

9.     Pursuant to Section 19(c) of the Securities Act, 15 U.S.C. § 77s(c), and Section 21(b) of the Exchange Act, 15 U.S.C. § 78u(b), the Formal Order designates and authorizes certain SEC staff to issue subpoenas in this investigation in order to obtain documents and to take testimony.

10.     Through its investigation, the SEC staff obtained evidence that certain persons may have carried out a "pump-and-dump" scheme in Cherubim stock. The "pump" in the pump-and-dump scheme here was carried out through at least two public announcements by Cherubim involving St. James Trust and James.

## V.   INVESTIGATIVE SUBPOENAS ISSUED

11.     As part of its investigation, on June 21, 2018, the SEC issued the June 2018 subpoenas to St. James Trust and James.  The subpoenas were signed by a member of the SEC staff designated in the Formal Order and, in accordance with the SEC's Rules of Practice and its Rules Relating to Investigations, were sent to the Respondents via United Parcel Service ("UPS") for overnight delivery on June 21, 2018.  The SEC received a UPS notification that the subpoenas had been delivered on June 22, 2018.

12.     Each June 2018 subpoena requested documents concerning: (a)

Exhibit 1
Page 5

Cherubim's representations in its press releases and SEC filing concerning St. James Trust and its Initial Coin Offering ("ICO"); (b) financing commitments made by Cherubim to launch the St. James Trust ICO; (c) St. James Trust's business operations; (d) Respondents' communications with Cherubim representatives; (e) Respondents' money or asset transactions concerning Cherubim; and (f) communications to or from Respondents with a specified list of individuals and entities concerning Cherubim.

## VI.  NOTICE AND SUBSEQUENT NON-RESPONSE

13.  St. James Trust and James were required to produce all documents responsive to the subpoenas to SEC headquarters by July 6, 2018.  Respondents have yet to produce a single document in response to the subpoenas, and neither of them has contacted SEC counsel.

14.  After numerous attempts to contact St. James Trust and James, on September 4, 2018, SEC counsel had James personally served, in his individual capacity and as St. James Trust's sole trustee, with copies of the June 2018 subpoenas.  Additionally, on September 6, 2018, SEC counsel informed James via email and overnight UPS letter that if Respondents failed to produce the requested documents by September 20, 2018, the SEC would proceed with a subpoena enforcement action against Respondents.

15.  As of the date of this filing, neither Respondent has contacted SEC counsel, nor has the SEC received any documents responsive to the June 2018 subpoenas.

WHEREAS, the SEC respectfully requests that:

a)  this Court issue an Order to Show Cause forthwith directing the Respondents to show cause, if there be any, why this Court should not order the Respondents to produce all documents responsive to the June 2018 subpoenas to a duly designated officer or officers of the SEC in the Formal Order, SEC File No. LA-4898;

Exhibit 1
Page 6

b)      upon return of the Order to Show Cause, this Court issue an Order directing the Respondents to produce all documents responsive to the June 2018 subpoenas; and

c)      the SEC be granted such other and further relief as may be appropriate.

Dated:  October 5, 2018                           Respectfully submitted,

                                                  /s/ *Manuel Vazquez*
                                                  Manuel Vazquez
                                                  *Attorney for Plaintiff*
                                                  *Securities and Exchange Commission*

Exhibit 1
Page 7

# EXHIBIT 2

1    JOHN W. BERRY (Cal Bar No. 295760)
     Email: berryj@sec.gov
2    MANUEL VAZQUEZ (Cal. Bar No. 295576)
     Email: vazquezm@sec.gov
3

4    Attorneys for Plaintiff
     Securities and Exchange Commission
     Michele Wein Layne, Regional Director
5    John W. Berry, Associate Regional Director
     Amy Jane Longo, Regional Trial Counsel
6    444 S. Flower Street, Suite 900
     Los Angeles, California 90071
7    Telephone: (323) 965-3998
     Facsimile: (213) 443-1904

8

9            **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12   SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:18-mc-00164 |
| 13 | **SECURITIES AND EXCHANGE** |
| 14         Applicant, | **COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE** |
| 15     vs. | **AND APPLICATION FOR AN ORDER COMPELLING** |
| 16   NVC FUND LLC and FRANK EKEJIJA, | **COMPLIANCE WITH INVESTIGATIVE SUBPOENAS** |
| 17         Respondents. | |
| 18 | |

19

20

21

22

23

24

25

26

27

28

Exhibit 2
Page 8

## I.  INTRODUCTION

1.  The Securities and Exchange Commission ("SEC") hereby applies to this Court for an Order to Show Cause why an order should not issue requiring Respondents NVC Fund LLC and Frank Ekejija to comply with the June and September 2018 subpoenas that were properly served on them by the SEC.

2.  This Application is based on the accompanying Declaration of Manuel Vazquez and its attached exhibits concerning relevant factual matters to this proceeding, the Memorandum of Points and Authorities filed in support of this Application, the Proposed Order to Show Cause, and the Proposed Order Compelling Compliance, each of which is filed concurrently, such matters of which judicial notice may be taken, and any other written or oral evidence as may be offered at a hearing on the Application.

## II.  JURISDICTION AND VENUE

3.  Jurisdiction is conferred upon this Court by Section 22(b) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77v(b), and Section 21(c) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(c).

4.  Venue is proper in the Central District of California because the SEC's investigation is being carried out by the SEC's Los Angeles Regional Office, which is located within this Court's judicial district.  *See* 15 U.S.C. § 78u(c).

## III.  RESPONDENTS

5.  **NVC Fund, LLC** ("NVC Fund") is a Delaware limited liability company and its principal place of business during the relevant time period was 100 Crescent Court, Suite 700, Dallas, TX 75201.

6.  **Frank Ekejija** resides in Dallas, Texas.  Ekejija owns and solely controls co-Respondent NVC Fund.

## IV.  THE SEC'S INVESTIGATION

7.  On March 16, 2018, the SEC issued an Order Directing Private Investigation and Designating Officers to Take Testimony in an investigation titled *In*

*the Matter of Cherubim Interests, Inc. and Certain Other Microcap Issuers* (SEC File No. LA-4898) ("Formal Order").

8.    Among other things, the Formal Order empowers the SEC staff to investigate whether certain individuals and entities violated the antifraud and registration provisions of the federal securities laws in connection with numerous penny-stock companies.  The order identifies the names of these companies, including Cherubim Interest, Inc., ("CHIT"), PDXP Partners, Inc. ("PDXP") and Victura Construction Group, Inc. ("VICT") (collectively referred to as the "Issuers"). The companies' names are in the order's caption.

9.    Pursuant to Section 19(c) of the Securities Act, 15 U.S.C. § 77s(c), and Section 21(b) of the Exchange Act, 15 U.S.C. § 78u(b), the Formal Order designates and authorizes certain SEC staff to issue subpoenas in this investigation in order to obtain documents and to take testimony.

10.    Through its investigation, the SEC staff obtained evidence that certain persons may have carried out a "pump-and-dump" scheme in the Issuers' stock. The "pump" in the pump-and-dump scheme here was carried out through at least three rounds of public announcements by the Issuers concerning the acquisition of NVC Fund assets.

## V.    INVESTIGATIVE SUBPOENAS ISSUED

11.    As part of its investigation, on June 21, 2018, the SEC issued the June 2018 document subpoenas to NVC Fund and Ekejija.  The subpoenas were signed by a member of the SEC staff designated in the Formal Order and, in accordance with the SEC's Rules of Practice and its Rules Relating to Investigations, were sent to the Respondents via United Parcel Service ("UPS") for overnight delivery on June 21, 2018.  The SEC received a UPS notification that the subpoenas had been delivered on June 22, 2018.

12.    Each June 2018 document subpoena requested documents concerning: (a) the Issuers' representations in their press releases and SEC filings concerning

1  NVC Fund; (b) the purchase agreements between the Issuers and NVC Fund; (c)

2  NVC Fund's business operations and the valuation of its assets; (d) Respondents'

3  communications with the Issuers' representatives; (e) Respondents' money or asset

4  transactions concerning the Issuers; (f) Respondent's brokerage and bank account

5  information; and (g) communications to or from Respondents with a specified list of

6  individuals and entities concerning the Issuers.

7        13.    As part of its investigation, on September 17, 2018, the SEC issued a

8  September 2018 testimony subpoena to Ekejija.  The subpoenas were signed by a

9  member of the SEC staff designated in the Formal Order and, in accordance with the

10  SEC's Rules of Practice and its Rules Relating to Investigations, were sent to the

11  Respondents via United Parcel Service ("UPS") for overnight delivery on September

12  17, 2018.  The SEC received a UPS notification that the subpoenas had been

13  delivered on September 18, 2018.

14        14.    The September 2018 subpoena sought testimony from Ekejija about the

15  same topics outlined in the June 2018 document subpoenas to the Respondents.

16  **VI.**    **<u>NOTICE AND CONTINUED FAILURE TO COMPLY</u>**

17        15.    To date, NVC Fund and Ekejija have failed to comply with the SEC's

18  June and September subpoenas.

19        16.    The June 2018 document subpoenas required Respondents to produce all

20  responsive documents by July 6, 2018.  Respondents did produce some documents,

21  but refused to produce certain key documents pertinent to the investigation.

22        17.    The September 2018 testimony subpoena required Ekejija to appear for

23  testimony on October 18, 2018 at the SEC's Forth Worth, Texas office.  Ekejija

24  refused to answer questions about relevant topics or provide information sought by

25  SEC counsel.

26        18.    On October 30, 2018, SEC counsel sent Ekejija a letter with enclosures

27  requesting that Respondents complete their document production and that Ekejija sit

28  for further testimony on the topics he refused to testify about.  SEC requested a

Exhibit 2
Page 11

response by November 13, 2018.

19.   On November 1, 2018, SEC counsel spoke with Ekejija by telephone, and he confirmed receiving the letter and its enclosures.  He informed SEC counsel that he would not complete the document production nor agree to testify about the pending topics.

20.   On November 13, 2018, SEC counsel receive a letter via email from Ekejija that confirmed Respondents' refusal to comply with the June 2018 and the September 2018 subpoenas.

21.   As of the date of this filing, the Respondents have not produced any more documents, even though there are several outstanding requests from the June 2018 subpoenas.  Ekejija is still unwilling to answer relevant questions pursuant to the SEC's September 2018 testimony subpoena.

WHEREAS, the SEC respectfully requests that:

a)   this Court issue an Order to Show Cause forthwith directing the Respondents to show cause, if there be any, why this Court should not order the Respondents to comply with the subpoenas issued by a duly designated officer or officers of the SEC in the Formal Order, SEC File No. LA-4898;

b)   upon return of the Order to Show Cause, this Court issue an Order directing the Respondents to comply with the subpoenas to produce the outstanding responsive documents and answer the testimony questions; and

c)   the SEC be granted such other and further relief as may be appropriate.


Dated:  November 30, 2018                    Respectfully submitted,

                                             /s/ *Manuel Vazquez*
                                             Manuel Vazquez
                                             *Attorney for Plaintiff*
                                             *Securities and Exchange Commission*

Exhibit 2
Page 12

# EXHIBIT 3

JOHN W. BERRY (Cal Bar No. 295760)
Email: berryj@sec.gov
ROBERTO A. TERCERO (Cal. Bar No. 143760)
Email: terceror@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy Jane Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Applicant,<br><br>vs.<br><br>CHERUBIM INTERESTS, INC., PDX PARTNERS, INC., VICTURA CONSTRUCTION GROUP, INC. and PATRICK JEVON JOHNSON,<br><br>Respondents. | Case No. 2:18-mc-00175<br><br>**SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH INVESTIGATIVE SUBPOENAS** |

Exhibit 3
Page 13

# I.    INTRODUCTION

1.    The Securities and Exchange Commission ("SEC") hereby applies to this Court for an Order to Show Cause why an order should not issue requiring Respondents Cherubim Interests, Inc., PDX Partners, Inc., Victura Construction, Inc., and Patrick Jevon Johnson to comply with the May 2018 subpoenas that were properly served on them by the SEC.

2.    This Application is based on the accompanying Declaration of Roberto A. Tercero and its attached exhibits concerning relevant factual matters to this proceeding, the Memorandum of Points and Authorities filed in support of this Application, the Proposed Order to Show Cause, and the Proposed Order Compelling Compliance, each of which is filed concurrently, such matters of which judicial notice may be taken, and any other written or oral evidence as may be offered at a hearing on the Application.

# II.    JURISDICTION AND VENUE

3.    Jurisdiction is conferred upon this Court by Section 22(b) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77v(b), and Section 21(c) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(c).

4.    Venue is proper in the Central District of California because the SEC's investigation is being carried out by the SEC's Los Angeles Regional Office, which is located within this Court's judicial district.  *See* 15 U.S.C. § 78u(c).

# III.    RESPONDENTS

5.    **Cherubim Interests, Inc.** ("CHIT") is a Wyoming corporation, and its principal place of business during the relevant time period was 1304 Norwood Drive, Bedford, TX 76022.

6.    **PDX Partners, Inc.** ("PDXP") is a Wyoming corporation, and its principal place of business during the relevant period was 1455 N.W. Irving Street, Suite 200, Portland, OR 97209.

7.    **Victura Construction Group, Inc.** ("VICT") is a Wyoming

Exhibit 3
Page 14

corporation, and its principal place of business during the relevant period was 113 Souder Drive, Hurst, TX 76053.

8.      **Patrick Jevon Johnson** resides in Dallas, Texas.  During the relevant period, Johnson was the CEO of CHIT, PDXP, and VICT.

## IV.    **THE SEC'S INVESTIGATION**

9.      On March 16, 2018, the SEC issued an Order Directing Private Investigation and Designating Officers to Take Testimony in an investigation titled *In the Matter of Cherubim Interests, Inc. and Certain Other Microcap Issuers* (SEC File No. LA-4898) ("Formal Order").

10.      Among other things, the Formal Order empowers the SEC staff to investigate whether certain individuals and entities violated the antifraud and registration provisions of the federal securities laws in connection with numerous penny-stock companies.  The order identifies the names of these companies, including CHIT, PDXP, and VICT (collectively referred to as the "Issuers") with CHIT's name in the order's caption.

11.      Pursuant to Section 19(c) of the Securities Act, 15 U.S.C. § 77s(c), and Section 21(b) of the Exchange Act, 15 U.S.C. § 78u(b), the Formal Order designates and authorizes certain SEC staff to issue subpoenas in this investigation in order to obtain documents and to take testimony.

12.      Through its investigation, the SEC staff obtained evidence that certain persons may have carried out a "pump-and-dump" scheme in the Issuers' stock. The "pump" in the pump-and-dump scheme here was carried out in January and February 2018 through at least three rounds of public announcements by the Issuers concerning the acquisition of hundreds of millions of dollars of assets from NVC Fund, LLC ("NVC Fund").  CHIT also claimed that it had agreed to commit $100 million for an initial coin offering of St. James Holding and Inv. Co. Trust ("St. James Trust").  St. James Trust and its sole trustee, Jeffre James, and NVC Fund and its principal Frank Ekejija are the subject of separate, but related SEC subpoena.

1    enforcement actions. *See SEC v. St. James Holding and Inv. Co. Trust and Jeffre*

2    *James*, Case No. 2:18-mc-00135-SJO-ASx (C.D. Cal.) (filed Oct. 5, 2018); *SEC v.*

3    *NVC Fund, LLC*, Case No. 2:18-mc-164-SJO (ASx) (C.D. Cal.) (filed Nov. 30,

4    2018). Concurrent with the "pump," an entity ("Entity A") related to the Issuers sold,

5    or "dumped," substantial shares of the Issuers' stock into the market at prices inflated

6    by the "pump." Entity A obtained its shares of the Issuers' stock through transactions

7    pursuant to Section 3(a)(10) of the Securities Act of 1933 ("Securities Act").

8    15 U.S.C. § 77c(a)(10). It appears, however, that the Issuers and Entity A failed to

9    comply with the requirements of Section 3(a)(10) and, if so, Entity A would have

10   been obligated to file a registration statement, and have received notice that the SEC

11   had declared the registration statement effective, before offering or selling its shares

12   of the Issuers' stock. Entity A, however, did not file a registration statement, and it

13   consequently may have violated Section 5 of the Securities Act [15 U.S.C. § 77e],

14   which prohibits the unregistered offer or sale of securities, when it sold its shares

15   during the "pump" period. Additionally, CHIT and VICT may have inaccurately

16   accounted for CHIT's acquisition of two VICT subsidiaries in periodic reports filed

17   with the SEC by CHIT and with OTC Markets Group, Inc. by VICT.

18   **V.    INVESTIGATIVE SUBPOENAS ISSUED**

19        13.    As part of its investigation, on May 22, 2018, the SEC issued document

20   subpoenas to the Issuers and another document subpoena on May 29, 2018 to

21   Johnson. The subpoenas were signed by a member of the SEC staff designated in the

22   Formal Order and, in accordance with the SEC's Rules of Practice and its Rules

23   Relating to Investigations, were sent to the Respondents via United Parcel Service

24   ("UPS") for overnight delivery on May 22, 2018 for the Issuers and May 29, 2018 for

25   Johnson. The SEC received a UPS notification that the subpoenas had been delivered

26   on May 23 (Issuers) and 30 (Johnson), 2018.

27        14.    Each document subpoena requested documents concerning: (a) the

28   representations in their press releases and SEC filings concerning their letter of intent

Exhibit 3
Page 16

to acquire, and subsequent acquisition of, hundreds of millions of dollars in assets from NVC Fund; (b) the Issuers' financial books and records; (c) the Issuers' and Entity A's Section 3(a)(10) transactions; and (d) the receipt, if any, by any Issuer or Johnson of the proceeds from Entity A's sales of Issuer shares.

## VI.   **NOTICE AND CONTINUED FAILURE TO COMPLY**

15.   To date, the Issuers and Johnson have failed to comply with the SEC's May 2018 subpoenas.

16.   The May 22, 2018 document subpoenas required the Issuers to produce all responsive documents by June 5, 2018.  Respondents did produce some documents, but failed to produce certain key documents pertinent to the investigation.

17.   The May 29, 2018 document subpoena to Johnson required him to produce all responsive documents by June 5, 2018.  Johnson did produce some documents, but failed to produce certain key documents pertinent to the investigation.

18.   On November 28, 2018, SEC counsel sent Johnson a letter with enclosures (including each of the subpoenas) requesting that he and the Issuers complete their document production; the letter was addressed to Johnson in his individual capacity and as CEO of each Issuer.  The SEC requested a response by December 12, 2018.

19.   On December 12, 2018, the SEC received a letter from Johnson by email, making clear that he and his Issuers had no intention of producing any more responsive documents to the SEC.  The SEC responded by email dated December 14, 2018.

20.   As of the date of this filing, the Respondents have not produced any more documents, or otherwise responded, even though there are several outstanding requests from the May 2018 subpoenas.

WHEREAS, the SEC respectfully requests that:

a)   this Court issue an Order to Show Cause forthwith directing the Respondents to show cause, if there be any, why this Court should not order the

1  Respondents to comply with the subpoenas issued by a duly designated officer or
2  officers of the SEC in the Formal Order, SEC File No. LA-4898;

3        b)    upon return of the Order to Show Cause, this Court issue an Order
4  directing the Respondents to comply with the subpoenas to produce the outstanding
5  responsive documents; and

6        c)    the SEC be granted such other and further relief as may be appropriate.

7
8
9  Dated:  December 21, 2018          Respectfully submitted,

10                             */s/ Roberto A. Tercero*
                           John W. Berry
11                             Roberto A. Tercero
                           *Attorney for Plaintiff*
12                             *Securities and Exchange Commission*

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 3
Page 18

5