**ORIGINAL**

FILED

2019 FEB 25   PM 3:08

Patrick Jevon Johnson
1409 S Lamar Suite 326
Dallas Texas 75215
Ph:  817-705-1291
Em: pjohnson0803@gmail.com

PRO SE for Respondents

FAX FILE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Applicant,<br><br>vs.<br><br>CHERUBIM INTERESTS, INC., PDX PARTNERS, INC., VICTURA CONSTRUCTION GROUP. INC.<br>and<br>PATRICK JEVON JOHNSON.<br><br>Respondents | CASE NO. 2:18-MC-00175<br><br>RESPONDENT JOHNSON'S DECLARATION AND OPPOSITION TO SEC'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND APPLICATION FOR AN ORDER COMPELLING COMPLIANCE WITH INVESTIGATIVE SUBPOENAS<br><br>Filed: December 21, 2018<br>Hearing: March 14, 2019, at 10:00 a.m,<br>Courtroom: 540<br>Judge: Hon. Alka Sagar |

1.     Respondent Patrick Jevon Johnson ("JOHNSON"), responding as the chief executive officer for insolvent Respondents Cherubim Interests, Inc., PDX Partners, Inc., and Victura Construction, Inc., and his behalf, respectfully opposes the Securities and Exchange Commission ("SEC") Application for an Order to Show Cause why an order should not issue requiring Respondents Cherubim Interests. Inc., POX Partners, Inc., Victura Construction. Inc., and Patrick Jevon Johnson to comply with the May 2018 subpoenas.

2.     This responsive opposition is based on the accompanying declarations of JOHNSON and its attached exhibits concerning relevant factual matters to this proceeding including whether or not Respondents have already materially complied with the SEC inquiry subpoena, such matters of which judicial notice may be taken, and any other written or oral evidence as may be offered at hearing on the Application.

3.     JOHNSON does not dispute the SEC's right to investigate and request information while performing its regulatory power over companies engaged in the public markets. In fact, all Respondents promptly timely complied with the SEC's requests for documents and testimony as the following timeline in the Applicants' requests and Respondents compliance attests. JOHNSON and Respondents believe and ask this Court to find that they have substantially and materially complied with the SEC requests for information.

///

Timeline:

4.     On or about October 10, 2017 Cherubim Interests received an Initial Inquiry from Andrew Blume of the SEC Division of Corporate Finance requesting accounting and clarification of information in Cherubim Interests' Form 10-K for the Fiscal Year Ended August 31, 2016 filed April 28, 2017. File Number 001-37612. The company responded to the inquiry.

5.     On or about February 12 , 2018 Cherubim Interests received an additional Inquiry from Andrew Blume of the SEC Division of Corporate Finance requesting additional accounting and clarification of information in Cherubim Interests' Form 10-K for the Fiscal Year Ended August 31, 2016 filed April 28, 2017.File Number 001-37612. The company responded to the inquiry.

6.     On or about February 15, 2018 date SEC temporarily halted the Stocks of CHIT, PDXP, and VICT.

7.     On or about February 16, 2018 the company contacted Andrew Blume of SEC Corporate Finance Department via email to inquire about the halt. There was no response to the email.

8. On or about February 16, 2018 the company contacted Robert Tercero of SEC Enforcement for the purpose of inquiring how the company could substantiate the press release and avoid the halting of the stock. Mr. Johnson was told by Robert Tercero "there is nothing you can do." Johnson asked again " So even though I can substantiate any claims made in the press release there is nothing I can do to avoid the halt?" Tercero reiterated "No there is nothing you can do."

9. On or about February 16, 2018 according to a press release distributed by the SEC, the agency halted the stock based on an inquiry of the business decision and disclosure that Cherubim Interests was launching an Initial Coin Offering; when in fact the company wished to purchase registered Cryptocurrency Tokens/Securities (File Number- 021-307380 Film Number- 18680132) from Saint James Trust (SJT), to capitalize the construction of self-sustaining intentional communities. The SEC action of halting trading remains completely unjustified as CHIT did not switch its business focus as claimed; but the proposed transactions were asset acquisitions and capitalization actions for the companies. This information has been provided to the SEC. [MOU 1/5/18 CHIT and SJ Holding and Investment Company Trust]

10. On about March 6, 2018 there was resumption of DTC Services.

11. On or about March 6, 2018 the company contacted Robert Tercero of SEC Enforcement. He said: "You were halted and now the temporary suspension is over. We are done with you."

12. On or approximately March 6, 2018 the company contacted Finra regarding Grey Market status. The company was instructed to contact OTC Markets.

13. On or about March 6, 2018 the company contacted OTC Markets about Grey Market Status. We were told that we need to retain a new market maker and file Form 211.

14. On or about March 6, 2018 the company contacted Alpine Securities, a registered broker-dealer, about Filing Form 211 for the company. They declined.

///

15. On approximately March 15, 2018 Cherubim Interests received an additional Inquiry from SEC Division of Corporate Finance requesting accounting and clarification of information in Cherubim Interests' Form 10-K for the Fiscal Year Ended August 31, 2016 filed April 28, 2017 AND Form 8K Filed February 1, 2018. File Number 001-37612. The company responded to the inquiry.

16. On or about March 19, 2018 CHIT amended 8K Filing per SEC Division of Corporate Finance requests.

17. On or about April 20, 2018 CHIT received Resolution of Inquiry from SEC Division of Corporate Finance Department.

18. On or about May 29, 2018 CHIT was Subpoenaed by Robert Tercero of SEC Enforcement. On or approximately June 13, 2018 all requested information was provided by Company through the SEC Accellion System.

19. On or about May 29, 2018 PDXP was Subpoenaed by Robert Tercero of SEC Enforcement. On or approximately June 13, 2018 all requested information was provided by Company through the SEC Accellion System.

20. On or about May 29, 2018 IBRC was Subpoenaed by Robert Tercero of SEC Enforcement. On or approximately June 13, 2018 all requested information was provided by Company through the SEC Accellion System.

21. On or about May 29, 2018 Patrick Johnson was Subpoenaed by Robert Tercero of SEC Enforcement. On or approximately June 13, 2018 all requested information was provided by Company through the SEC Accellion System.

22. On or approximately June 13, 2018 all requested information was provided by Respondents through the SEC Accellion System.

23. On or about November 28, 2018 JOHNSON and Respondents received correspondence from Robert Tercero regarding the subpoenas claiming there were outstanding requests and

1 giving Respondents 30 days to reply.

24. On December 12. 2018 JOHNSON and Respondents responded to the SEC contending that Respondents had materially complied with all relevant requests for information in the Respondents possession and control.

25. It is well-settled case law that "an administrative agency's investigative subpoenas will be enforced if: (1) its inquiry is conducted pursuant to a lawfully authorized legitimate purpose; (2) the subpoena seeks information reasonably relevant to the investigation; (3) the information sought is not already within the Commission Staffs possession; and (4) all administrative requirements are satisfied. [See, US. v. Powell, 379 U.S. 48, 57-58 (1964); see, also, us. v.Jose, 131 F. 3d 1325, 1327-28 (9th Cir. 1997)]." You still have not disclosed to us what "authorized legitimate purpose" you have in requesting this information. Further, we maintain that the information sought is already within the Commission Staffs' possession, control or have ready access to, thus, administrative requirements are satisfied.

26. SEC stated:

*Through its investigation. the SEC staff obtained evidence that certain persons may have carried out a "pump-and-dump" scheme in the Issuers' stock. The "pump" in the pump-and-dump scheme here was carried out in January and February 2018 through at least three rounds of public announcements by the Issuers concerning the acquisition of hundreds of millions of dollars of assets from NYC Fund. LLC ("NVC Fund"). CHIT also claimed that it had agreed to commit $100 million for an initial coin offering of St. James Holding and Inv. Co. Trust ('St. James Trust'). St. James Trust and its sole trustee, Jeffre James. and NVC Fund and its principal Frank Ekejija are the subject of separate, but related SEC subpoena enforcement actions.*

27. By submitting on June 13, 2018 all Respondents business records including bank account and trading account information, as well as his personal bank accounts, trading accounts and other financial and business information, JOHNSON has clearly offered evidence that neither he

1. or any affiliates of Respondents sold stock during the period the SEC calls the "dump" phase, so therefore their basis for a P&D scheme fails on its face.

28. Further, on June 13, 2018 Respondents provided evidence that the SEC claim was wrong and Cherubim Interests was merely acquiring registered Cryptocurrency Tokens/Securities (File Number- 021-307380 Film Number- 18680132) from Saint James Trust (SJT), to capitalize the construction of self-sustaining intentional communities. This information has been provided to the SEC.

29. In addition, the SEC was provided with all of the reviewed accounting and financial documents of Respondents and related parties that clearly substantiate the valuation claims, such claims being transparent as they have been made public through Form 8K and Amended Form 8K filings and press releases. [See attached Exhibit 1 - Summary of Filed Documents with Accellion on June 13, 2018]

30. SEC stated:

*Concurrent with the "pump," an entity ("Entity A") related to the Issuers sold or "dumped," substantial shares of the Issuers stock into the market at prices inflated by the "pump." Entity A obtained its shares of the Issuers' stock through transactions pursuant to Section 3(a)(10) of the Securities Act of 1933 ("Securities Act"). It appears, however, that the Issuers and Entity A failed to comply with the requirements of Section 3(a)(10) and, if so. Entity A would have been obligated to file a registration statement and have received notice that the SEC had declared the registration statement effective, before offering or selling its shares of the Issuers' stock_ Entity A, however. did not file a registration statement. and it consequently may have violated Section 5 of the Securities Act [15 U.S.C. § 77e]. which prohibits the unregistered offer or sale of securities, when it sold its shares during the "pump" period. Additionally, CHJT and VICT may have inaccurately accounted for CHIT's acquisition of two VICT subsidiaries in periodic reports filed with the SEC by CHIT and with OTC Markets Group. Inc. by VICT.*

31. On June 13, 2018 Respondents provided evidence showing that JOHNSON and Respondents reasonably relied upon advice of competent legal counsel regarding the application of Section 3(a)(10), relied upon certain agents to verify and confirm the representations and documents prepared and presented in the Bankruptcy court which rendered the order approving the Section 3(a)(10) satisfaction of debt. Entity A [Northbridge Financial] is not affiliate of Johnson or any of the companies. Entity A [Northbridge Financial] had no obligation to file a registration statement as they relied upon the valid Section 3(a)(10) exemption as found by the January 31, 2018 Order for Satisfaction of Debt by the Twelfth Judicial Court, In and For Sarasota County, Florida court Order (Case No. 2018 CA 000537). Even Entity A was found to have an obligation, it could not be the fault of Johnson nor the Respondents if they neglected to file a registration statement.

32. The issue regarding CHIT's accounting methods regarding the acquisition of two VICT subsidiaries was settled with the SEC's Corporate Finance division on April 20, 2018. Written correspondence and confirmation was provided through the SEC's Accellion system on or about June 13th 2018.

33. SEC stated:

*Each document subpoena requested documents concerning: (a) the representations in their press releases and SEC filings concerning their letter of intent to acquire, and subsequent acquisition of, hundreds of millions of dollars in assets from NVC Fund: (b) the Issuers financial books and records: (c) the Issuers' and Entity A's Section 3(a)(10) transactions; and (d) the receipt, if any. by any Issuer or Johnson of the proceeds from Entity A's sales of Issuer shares.*

34. Everything stated by JOHNSON and Respondents in their public filings and press releases was made in good faith and with sound factual basis for their utterance. The SEC has been in possession and control of the documents supporting Respondents' representations for months, and yet the SEC continues to request additional documents.

The SEC has been provided information regarding and now know the Respondents intended but never completed transactions with NVC Fund were based on good consideration from all parties with due diligence provided by a comprehensive Auditor's Report on Review of Financial Information performed by an accounting firm in good international standing (Standards and Partners) in accordance with the International Standard on Review Engagements 2410, "Review of Interim Financial Information Performed by the Auditor of the Entity" and certified on August 25, 2017 supporting NVC Fund asset valuation.

35. As noted elsewhere herein, the SEC knows and has access to the facts and evidence submitted in the Section 3(a)(10) judicial action (Twelfth Judicial Court, In and For Sarasota County, Florida court Order, Case No. 2018 CA 000537). There simply do not exist any superior documentation regarding the facts subject to the SEC's stated focus of inquiry that Respondents have not already provided or are already in the possession and control of the SEC.

36. SEC stated:

*To date, the Issuers and Johnson have failed to comply with the SEC's May 2018 subpoenas. The May 22, 2018 document subpoenas required the Issuers to produce all responsive documents by June 5, 2018. Respondents did produce some documents, but failed to produce certain key documents pertinent to the investigation. The May 29, 2018 document subpoena to Johnson required him to produce all responsive documents by June 5. 2018. Johnson did produce some documents, but failed to produce certain key documents pertinent to the investigation. On November 28, 2018. SEC counsel sent Johnson a letter with enclosures (including each of the subpoenas) requesting that he and the issuers complete their document production: the letter was addressed to Johnson in his individual capacity and as CEO of each issuer. The SEC requested a response by December 12. 2018. On December 12. 2018. the SEC received a letter from Johnson by email, making clear that he and his Issuers had no intention of producing any more responsive documents to the SEC. As of the date of this filing, the Respondents have not*

*produced any more documents. or otherwise responded. even though there are several outstanding requests from the May 2018, subpoenas.*

37. On June 13, 2018 Johnson and Respondents responded in writing and produced records responsive to all information requests subpoenas by Applicants including company and personal bank accounts and trading accounts information, and on December 12, 2018 Respondents reiterated in writing that they had provided all of the relevant requested items. As such, the SEC now knows that neither JOHNSON nor Respondents nor affiliates engaged in any stock transactions regarding Respondents' stock during any relevant period of time.

38. JOHNSON and Respondents made full public disclosures and relied upon legal advisors and business consultants as well as debt purchasers Northbridge Financial and Placement Agent Alpine Securities through its transactions and of actions taken. JOHNSON and Respondents reasonably relied upon the lawful court order showing Section 3(a)(10) exemption compliance.

39. JOHNSON and Respondents believe they have provided Applicants with all material information and evidence to satisfy their stated items of inquiry.

40. Under penalty of perjury of the United States of America, I, Patrick Jevon Johnson, declare the forgoing to be true and correct to the best of my information and belief.

## PRAYER FOR RELIEF

Defendants each request judgment in their favor and ask as follows:

1. The Applicants' request for an order is denied;

2. That Defendants be awarded judgment in their favor that Respondents have materially complied;

3. For such other relief that the Court deems just and proper.

///

Respectfully Declared and Submitted,

Dated: February 25, 2019

By: _____
Patrick Jevon Johnson

///

///

///

# CASE NUMBER LA-4898

patrick@ibrandscorporation.com

Mon 6/4/2018 4:46 PM

To: enf-cpu@sec.gov <enf-cpu@sec.gov>;

**You have received 1 secure file from patrick@ibrandscorporation.com.**
Use the secure link below to download.

PLEASE SEE ATTACHED DATA REGARDING THE MATTER OF CHERUBIM INTERESTS INC AND CERTAIN OTHER MICROCAP ISSUERS, LA-4898.

THANKS MUCH
PATRICK JOHNSON
CEO

**Secure File Downloads:**
Available until: **04 July 2018**

Click link to download:

**BATES CHIT COMPLETE SEC SUBPOENA DOCUMENTS WITH WORKPAPERS.pdf**
1.06 GB, Fingerprint: 8c212297d4a2ff092544f5c55bd83699 (What is this?)

You have received attachment link(s) within this email sent via SEC's Secure File Transfer. To retrieve the attachment(s), please click on the link(s).

Secured by Accellion

# CASE NUMBER LA-4898

**patrick@ibrandscorporation.com**

Mon 6/4/2018 4:50 PM

To: enf-cpu@sec.gov <enf-cpu@sec.gov>;

---

**You have received 1 secure file from patrick@ibrandscorporation.com.**
Use the secure link below to download.

PLEASE SEE ATTACHED DOCUMENTATION REGARDING THE MATTER OF CHERUBIM INTERESTS INC. AND CERTAIN OTHER MICROCAP ISSUERS, LA-4898

MANY THANKS
PATRICK JOHNSON

### Secure File Downloads:
Available until: **04 July 2018**

Click link to download:

**Final Patrick Johnson Complete SEC Subpoena Portfolio.pdf**
151.43 MB, Fingerprint: d7d890ae5b4e381f5cc851f0f599d957 (What is this?)

You have received attachment link(s) within this email sent via SEC's Secure File Transfer. To retrieve the attachment(s), please click on the link(s).

Secured by Accellion

# CASE NUMBER LA-4898

patrick@ibrandscorporation.com

Mon 6/4/2018 4:52 PM

To: enf-cpu@sec.gov <enf-cpu@sec.gov>;

**You have received 2 secure files from patrick@ibrandscorporation.com.**
Use the secure links below to download.

TO WHOM IT MAY CONCERN

PLEASE SEE ATTACHED DOCUMENTATION REGARDING THE MATTER OF CHERUBIM INTERESTS INC AND CERTAIN OTHER MICROCAP ISSUERS, LA-4898

MANY THANKS
PATRICK JOHNSON

**Secure File Downloads:**
Available until: **04 July 2018**

Click links to download:

**FINAL IBRC COMPLETE SUBPOENA DOCUMENTS PACKAGE.pdf**
15.09 MB, Fingerprint: 19a37a2596093e1cb05be200adea93ef (What is this?)

**Marcel @Artik and 1838 others (2).vcf**
364.25 KB, Fingerprint: 21a9c530ec38232cdd38624b06ce3df0 (What is this?)

You have received attachment link(s) within this email sent via SEC's Secure File Transfer. To retrieve the attachment(s), please click on the link(s).

Secured by Accellion